### J. C. STEWART & CO. v. McLEOD.

(Circuit Court of Appeals, Fifth Circuit. April 27, 1915.)

No. 2771.

BANKRUPTCY ⨪348—CLAIMS—PRIORITY OF PAYMENT—CLAIMS FOR LABOR—SUBROGATION.

Where an employer, before pay day, gave laborers in payment of wages earned, but not due, orders on the claimant payable in trade, under an arrangement with the claimant whereby on pay day 90 per cent. of the amount which would have been collectible by the laborer was paid the claimant, the employer thereby obtaining a practical reduction of 10 per cent. of its labor expense, as well as the right to buy its own supplies from the claimant at cost prices, while the claimant obtained a practical monopoly of the furnishing business at the employer's camps, with no limit to the profits on goods sold the laborers, the claimant was not entitled, upon the bankruptcy of the employer, to subrogation to the laborers' right to priority of payment, as compliance with the orders by it did not amount to an assignment of the laborers' claims to it, but had the effect of satisfying their claim and creating a new demand for a different amount in favor of the claimant, and moreover the facts showed a combination or quasi partnership between the employer and the claimant, resulting in their mutual advantage and profit, at the expense and against the interests of the laborers, and there were therefore no equitable considerations to support the claim to subrogation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⨪348.]

Appeal from the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Proceeding in bankruptcy by J. C. Stewart & Co. against William McLeod, trustee in bankruptcy of the W. G. McGowin Lumber Company. From a decree denying priority to claims against the bankrupt estate, the claimant appeals. Affirmed.

Gregory L. Smith, of Mobile, Ala. (H. T. Smith, of Mobile, Ala., on the brief), for appellant.

Gessner T. McCorvey, of Mobile, Ala. (Stevens, McCorvey & McLeod, of Mobile, Ala., on the brief), for appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. We do not think that the decree appealed from was erroneous. In addition to the reasons stated in the opinion of the District Judge in support of the conclusion he reached, we have to say that it seems to us that the arrangement between the appellants

and the bankrupt, under which the former filled orders payable in trade given on them by the latter to its laborers for the amounts of wages earned at the time the orders were given, but not then due, the orders being given before pay day, distinctly negatives the conclusion that the payment in whole or in part of such an order had the effect of an assignment to the appellants of the whole or a part of the laborer's wages represented by the order. One of these orders was in effect a request by the bankrupt to the appellants to pay in trade to the payee named in the order all or a part of the amount for which the order was given, according as the surrender made by the payee was of the order as a whole or, of detachable coupons accompanying the blank on which it was filled out. The compliance by the appellants with one of these orders was not under any contract or arrangement with the laborer who held it, but under an arrangement with the bankrupt by which the latter obligated itself to pay to the appellants on pay day, not the amount which then would have been collectible by the laborer in cash if he had retained his time check, as it was called, but 90 per cent. of that amount. Under the arrangement between the bankrupt and the appellants, the result of the latter's compliance with one of those orders was to satisfy, in whole or in part, as the case might be, a debt owing to the laborer in whose favor the order was issued; this satisfaction having the effect of creating a new demand for a different amount in favor of the appellants against the bankrupt. The claim of the laborer was extinguished, and a new demand for a different amount in favor of the appellants against the bankrupt came into existence; the consideration supporting it being the satisfaction of the demand for a larger amount which the laborer had held.

And it may be further noticed that the case shows a combination or quasi partnership between the bankrupt and the appellants (apparently antedating the bankruptcy for considerable time), resulting in their mutual advantage and profit at the expense of and against the interest of the laborers; the bankrupt getting its advantage in a practical reduction of 10 per cent. of its labor expense and the right to buy its own supplies from the appellants at cost prices, while the appellants secured a practical monopoly of the furnishing business at the bankrupt's camps without any limit on profits from goods sold to the laborers. If the combination had been made between the appellants and the laborers, under which credit had been given to the laborers, and thereunder they had been furnished goods at fair prices, there might have been some equity in the claim of the appellants that in taking up the laborers' time checks or trade orders it should be subrogated to the laborers' liens for wages. There is a notable absence of equitable considerations to support the contention made in behalf of the appellants.

It was correctly decided that the demands acquired by the appellants in the manner above indicated were not claims against the bankrupt estate which were entitled to priority.

It follows that the decree appealed from should be affirmed; and it is so ordered.